UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONNELLE S.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:19-CV-00266-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Social Security Commissioner's ("Commissioner") denial of Plaintiff's application for disability insurance benefits and supplemental security income. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating Plaintiff's non-severe impairments at step two of the sequential evaluation. Had the ALJ properly evaluated Plaintiff's impairments at step two, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful,

and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On March 4, 2015, Plaintiff filed an application for disability insurance benefits. *See* Administrative Record ("AR") 37, 564-65. On May 26, 2015, Plaintiff filed an application for supplementary security income. AR 37, 568-73. In both applications, Plaintiff alleged a disability onset date of July 4, 2014. AR 37, 564-65, 658-73. Her applications were denied upon initial administrative review and on reconsideration. AR 37, 498-500, 502-07, 508-13. A hearing was held before ALJ Glenn G. Meyers on October 25, 2016. AR 416-54. In a decision dated March 14, 2018, the ALJ found that Plaintiff was not disabled. AR 34-52. The Social Security Appeals Council denied Plaintiff's request for review on December 19, 2018. AR 1-7. The ALJ's decision of March 14, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481.

In her Opening Brief, Plaintiff maintains the ALJ erred by: (1) incorrectly finding several of Plaintiff's impairments non-severe; (2) failing to properly assess opinion evidence from examining psychologist Ellen Walker, Ph.D.; (3) failing to properly evaluate Plaintiff's subjective allegations; (4) not considering the combined effects of Plaintiff's impairments; (5) improperly assessing Plaintiff's RFC; and (6) not resolving an apparent conflict between vocational expert testimony and the Dictionary of Occupational Titles ("DOT") . Dkt. 10, pp. 3-13.[1]

---

[1] Plaintiff also contends that the ALJ erred in evaluating lay witness testimony from Plaintiff's fiancée. Dkt. 10, p. 7. In its scheduling order of July 2, 2019, the Court stated that assignments of error not listed in the

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

| | |
|---|---|
| 1 | <u>STANDARD OF REVIEW</u> |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | <u>DISCUSSION</u> |
| 7 | **I.  Whether the ALJ properly evaluated Plaintiff's impairments at step two.** |
| 8 | Plaintiff contends that the ALJ erred in finding that several of her impairments were |
| 9 | either non-medically determinable or non-severe at step two of the sequential evaluation. Dkt. |
| 10 | 10, pp. 3-5. |
| 11 | **A.  Arthritis.** |
| 12 | The ALJ found that Plaintiff's arthritis was a non-medically determinable impairment. |
| 13 | AR 42. The ALJ reasoned that despite Plaintiff's complaints of arthritis in her lower back, right |
| 14 | shoulder, hands, hips, and knees, there was no radiographic imaging to substantiate the existence |
| 15 | of arthritis in these joints. AR 42. The ALJ also reasoned that even if subsequent imaging did |
| 16 | reveal the existence of arthritis, this would not preclude Plaintiff from performing light work, |
| 17 | given that she exhibited normal gait and motor strength during physical examinations. AR 42, |
| 18 | 755, 916, 1001. |
| 19 | An impairment is medically determinable only when its existence can be shown through |
| 20 | objective medical evidence such as laboratory findings and tests done using acceptable clinical |
| 21 | |
| 22 | "Issues" section of the opening brief "will not be considered or ruled upon." Dkt. 9, p. 2. Plaintiff did not list the ALJ's evaluation of lay witness testimony among the assignment of errors, and did not otherwise dispute the ALJ's |
| 23 | evaluation of this testimony beyond this single, stray contention. Accordingly, the Court, pursuant to the briefing requirements contained in its scheduling order, declines to consider or rule upon this contention. |
| 24 | |

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 3

diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (citing Social Security Ruling ("SSR") 96-4p, 1996 WL 374187, at *1 (July 2, 1996)). " '[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.' " *Ukolov*, 420 F.3d at 1005 (quoting SSR 96-4p, 1996 WL 374187, at *1-2).

Plaintiff argues that the evidence establishes that she "had an x-ray earlier this year that showed arthritic changes and bursitis in her right hip." Dkt. 10, p. 4. Plaintiff does not cite anything in the record to substantiate this claim, but the source for this assertion appears to an office visit notation from January 13, 2017, during which Plaintiff stated that she had an x-ray earlier in the year that showed arthritic changes in the lumbar vertebrae and bursitis in the right hip. AR 968. Plaintiff's second-hand report concerning the results of her x-rays does not constitute objective medical evidence that the ALJ could rely upon in finding her arthritis medically determinable.

### B. Migraine Headaches and Visual Impairment.

Plaintiff next contends that the ALJ erred in evaluating her migraine headaches and her visual impairment. Dkt. 10, p. 4. The ALJ found that Plaintiff's headaches and vision problems, along with a range of other conditions, had occurred only sporadically, were acute/transient, responded to treatment, or did not cause more than minimal workplace limitations. AR 41-42. The ALJ found Plaintiff's visual impairment and headaches to be non-severe impairments. *Id.*

At step two of the sequential evaluation, the ALJ must determine if the claimant suffers from any medically determinable impairments that are "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); SSR 96-3p, 1996 WL 374181, at *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.920(c); SSR 85-28, 1985 WL 56856, at *3. An impairment is not severe if the evidence establishes only a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856, at *3; *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

Much of the evidence cited by Plaintiff in connection with her migraines and her visual impairment was submitted after the ALJ issued his decision. AR 188-90, 365, 368-70, 389-91, 991. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence. AR 2. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

As such, the ALJ did not have access to much of the pertinent information related to Plaintiff's migraines and visual impairment. Because the ALJ was not able to discuss significant, probative evidence regarding Plaintiff's migraines and visual impairment, the Court cannot say that the ALJ's findings with respect to Plaintiff's migraines and visual impairment were supported by substantial evidence. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation").

Further, in *Buck v. Berryhill*, the Ninth Circuit emphasized that in assessing the RFC, an ALJ must consider limitations and restrictions imposed by all an individual's impairments, even those that are not 'severe', and that an RFC should be precisely the same regardless of whether

certain impairments were found severe at step two of the sequential evaluation. 869 F.3d 1040, 1049 (9th Cir. 2017) (citing Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996)). In *Buck*, the Ninth Circuit concluded that because the ALJ decided step two in the claimant's favor and was required to consider all impairments in the RFC, whether "severe" or not, "[a]ny alleged error is therefore harmless and cannot be the basis for a remand." Id. (citing *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)).

Some courts have distinguished *Buck* on the basis that the ALJ's RFC analysis showed that the ALJ did not consider certain impairments in the RFC after finding them non-severe at step two. *See Mercado v. Berryhill*, No. 16-CV-04200-BLF, 2017 WL 4029222, at *6 (N.D. Cal. Sept. 13, 2017); *Winkle v. Berryhill*, No. C17-1633 TSZ, 2018 WL 5669018, at *2 (W.D. Wash. Nov. 1, 2018). Here, the ALJ did not address whether the medical evidence included limitations related to her migraines. The ALJ also did not explain his decision not to include any limitations related to Plaintiff's migraines and visual impairment in the RFC, nor explain if the existing RFC accommodated these limitations. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). As such, the Court cannot determine if the ALJ properly considered the impact of Plaintiff's migraines or her visual impairment at step two or throughout the remaining steps of the sequential evaluation. Therefore, the ALJ erred.

Had the ALJ found Plaintiff's headaches and visual impairment to be severe or considered the functional impact of these impairments throughout the remaining steps of the sequential evaluation, the ALJ may have given more weight to Plaintiff's testimony, the lay

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

evidence, and the medical opinion evidence. Further, the RFC and hypothetical question posed to the vocational expert may have included additional limitations. Therefore, the ALJ's failure to properly consider Plaintiff's headaches and visual impairment at Step Two and throughout the remaining sequential evaluation process impacts the ultimate disability decision. Accordingly, the ALJ's error at Step Two is not harmless and requires reversal.

The record contains approximately 400 pages of medical records that were not considered by the ALJ. *See* AR 13-416. Further, Plaintiff will have the opportunity to present additional evidence on remand. Therefore, on remand, the ALJ is directed to reconsider all Plaintiff's impairments – including Plaintiff's arthritis, headaches, visual impairments, irritable bowel syndrome, and carpal tunnel syndrome – at Step Two and throughout the remaining steps of the sequential evaluation process.

**II.     Remaining Issues.**

Plaintiff also maintains that the ALJ erred in evaluating her subjective allegations, the combined impact of her severe and non-severe impairments, the residual functional capacity, and an apparent contradiction between the RFC and the DOT at step five. Dkt. 10, pp. 8-13.

The ALJ's error at step two impacts the evaluation of each subsequent step of the sequential evaluation process, including Plaintiff's testimony, the medical opinion evidence, and the lay witness evidence. The ALJ must also re-evaluate the RFC and reconcile any apparent conflicts between the VE's testimony and the DOT at step five.

However, the Court finds that the ALJ provided a specific, legitimate reason for discounting Dr. Walker's opinion because she opined that Plaintiff's limitations would last only 9 months. AR 49-50; *see Autumn G. v. Commissioner of Social Security*, 2019 WL 3096091 at *2 (W.D. Wash. June 19, 2019) (affirming an ALJ's decision to discount a physician's opinion

when the physician stated that plaintiff's limitations would last for six months); *Hicks v. Colvin*, 2017 WL 243354, at *6 (W.D. Wash. Jan. 20, 2017) (affirming an ALJ's decision to discount a medical opinion where the physician opined the claimant "would be so impaired for only six months"); *Woeppel v. Colvin*, 2014 WL 868808, at *9 (W.D. Wash. Mar. 5, 2014) (finding an ALJ properly discounted a physician's opinion because the physician "did not identify any impairment that [was] ... expected to last for at least 12 months").

On remand, the ALJ is required to reconsider Dr. Walker's opinion only if the ALJ finds that additional evidence impacts the ALJ's assessment of this opinion.

**III.     Whether this case should be remanded for an award of benefits.**

Plaintiff argues the Court should credit her testimony as true and remand this case for an additional hearing and a new decision. *See* Dkt. 10, p. 13. Since crediting Plaintiff's testimony as true would lead to a finding of disability, the Court interprets this as a request to remand this case for an award of benefits. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). The Court has determined that the ALJ must re-evaluate all Plaintiff's impairments at Step Two and throughout the remaining steps of the sequential evaluation process. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 9th day of October, 2019.

_____
David W. Christel
United States Magistrate Judge